UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____ CIV-

JULIO HERMIS CHAMBI CHAMBI,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## NOTICE OF REMOVAL

**COMES NOW** Defendant, **CARNIVAL CORPORATION** ("CARNIVAL"), by and through undersigned counsel, and hereby files this, its Notice of Removal, pursuant to 28 U.S.C. § 1441, *et seq.*, and 9 U.S.C. §205, and respectfully states as follows:

1. JULIO HERMIS CHAMBI CHAMBI ("CHAMBI") is a Peruvian seaman who alleges he injured himself onboard the foreign flagged vessel Carnival Freedom on or about July 6, 2011.

2. CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

3. CHAMBI was last employed by CARNIVAL under a "Seafarer's Agreement" (hereinafter the "Agreement"), a copy of which is attached hereto as Exhibit "A".

4. Paragraph 6 of the Agreement acknowledges that the Agreement constitutes a commercial legal relationship between the Seafarer and his employer, Carnival.

- 1 -

5. Paragraph 7 of the Agreement provides that any and all disputes arising out of or in connection with the Agreement shall be referred to and resolved by arbitration under the AAA/ICDR. The place of the arbitration shall be in London, England; Monaco; Panama City, Panama; or Manila, Philippines, whichever is closer to the Seafarer's home country, in this case, Peru.

6. The Agreement constitutes an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

7. On January 23, 2013, CHAMBI served CARNIVAL with a Complaint in State Court in the Eleventh Circuit of Miami-Dade County, Florida, under Case No. 13-001687 CA 01, asserting claims for Jones Act Negligence, Unseaworthiness, Failure to Provide Maintenance and Cure and Failure to Treat. A copy of the Complaint and all other pleadings, process, and orders served on Defendant CARNIVAL in this case are attached hereto as Exhibit "B," pursuant to 28 U.S.C. §1446(a).

8. This suit is an action of which this Court has original jurisdiction under the provision of 9 U.S.C. § 202, *et seq.*, and one that may be removed to this Court under the provisions of 9 U.S.C. § 205, in that it is an action arising under the laws of the United States and relating to an arbitration agreement falling under the Convention. The grounds for removal are as follows:

    a. There has been no trial of the state court action.

    b. Plaintiff CHAMBI is a citizen of Peru.

    c. Defendant CARNIVAL CORPORATION is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

    d.    The underlying employment Agreement requires arbitration in London, England; Monaco; Panama City, Panama; or Manila, Philippines, whichever is closer to the Seafarer's home country of Peru.

    e.    Because the Agreement is between a foreign corporation and a foreign seaman and because the Agreement provides for arbitration, this dispute falls under the provisions of the Convention and may be removed to federal court. See 9 U.S.C. Section 202, *et seq*.

    f.    Both the United States and Panama are signatories to the Convention and are bound by its arbitration provisions.

9. Accordingly, this Court has jurisdiction over this action, and this case is removed to the Southern District of Florida pursuant to U.S.C. Section 205.

10. CARNIVAL files and presents herewith the sum of $350.00 as required by 28 U.S.C. Section 1446.

## MEMORANDUM OF LAW

The removal jurisdiction of federal district courts extends to cases over which they have original jurisdiction. ***Francisco v. Stolt Achievement MT,*** 293 F.3d 270, 272 (5th Cir. 2002)(*citing* 28 U.S.C. § 1441(a)). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." ***Id.*** (*citing* 28 U.S.C. § 1441(b)). "Under § 203 of the Convention Act, '[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States, notwithstanding the savings to suitors clause, under §205 of the Convention Act: Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial

thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.'" ***Id.***

A party's request to a federal district court to compel arbitration must be granted where 1) there is an agreement in writing to arbitrate the dispute; 2) the agreement provides for arbitration in the territory of a signatory of the Convention; 3) the agreement to arbitrate arises out of a commercial legal relationship; and 4) there is a party to the agreement who is not an American citizen. 9 U.S.C. §§ 201-208; ***Francisco v. Stolt Achievement MT,*** 293 F.3d 270, 272 (5th Cir. 2002); ***Lindo v. NCL (Bahamas) Ltd.,*** ___ F.3d ___ (11th Cir. 2011); ***Bautista v. Star Cruises,*** 396 F.3d 1289 (11th Cir. 2005).

Therefore, the elements necessary to invoke the Convention and to compel arbitration are met: CHAMBI, a foreign citizen and Peruvian national, signed a written employment contract stating that all claims and disputes arising from his employment, including personal injury claims, were subject to arbitration in Panama. The employment contract states that it shall be governed by the law of the Flag State. Panama and the United States are both signatories to the Convention. *See,* 9 U.S.C. § 201 note (notes following text of Convention indicating signatories); ***Francisco,*** 293 F.3d at 273. As arbitration is proper, this Court has jurisdiction pursuant to the Convention and CARNIVAL's removal of this action from state court is proper and valid.

Accordingly, this Court has jurisdiction over this action, and this case is removed to the Southern District of Florida, pursuant to 9 U.S.C. § 205.

CARNIVAL files and presents herewith the sum of $350.00.

WHEREFORE, Defendant, CARNIVAL, moves this Court for an Order that the action now pending against it in the Eleventh Judicial Circuit, in and for Miami-Dade

County, described above, be Removed to this Court and thereafter this action proceed therein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                JOHN M. MITCHELL, ESQ.
                CARNIVAL CRUISE LINES
                Attorney for Defendant
                3655 N.W. 87th Avenue
                Miami, Florida 33178-2428
                Tel. (305) 599-2600 Ext. 18073
                Direct Line: (305) 406-4900
                Facsimile: (305) 406-4732
                Dedicated Judge's Phone Line: (305) 406-5399
                (For Judges only)

By_____ */s/ John M. Mitchell, Esq.*_____
         JOHN M. MITCHELL, ESQ.
         FLA. BAR NO. 0032808

## SERVICE LIST

JULIO HERMIS CHAMBI CHAMBI vs. CARNIVAL CORPORATION

CASE NO.

| | |
|---|---|
| KEITH S. BRAIS, ESQ.<br>FBN: 0863319<br>BRAIS & ASSOCIATES, P.A.<br>Attorney for Plaintiff<br>New World Tower, Suite 800<br>100 North Biscayne Boulevard<br>Miami, Florida 33132<br>Tel: (305) 416-2901<br>Facsimile: (305) 416-2902<br>KBrais@braislaw.com | JOHN M. MITCHELL, ESQ.<br>FBN: 0032808<br>Attorney for Defendant<br>CARNIVAL CRUISE LINES a<br>division of CARNIVAL CORP.<br>3655 N.W. 87th Avenue<br>Miami, Florida  33178<br>Direct Line:  (305) 406-4900<br>Facsimile:  (305) 406-4732<br>jmitchell@carnival.com |

## VERIFICATION

STATE OF FLORIDA    )
                    ) SS.
COUNTY OF DADE      )

JOHN M. MITCHELL, ESQ., being first duly sworn, states that he is counsel for CARNIVAL CORPORATION, and that all the allegations in the Notice of Removal are true and correct to the best of his knowledge and belief.

_____
JOHN M. MITCHELL, ESQ.

STATE OF  FLORIDA  )
                   ) SS:
COUNTY OF MIAMI-DADE )

The foregoing was acknowledged before me on this 5th day of February, 2013, by JOHN M. MITCHELL, ESQ., who is personally known to me and did not take an oath.

_____
NOTARY PUBLIC

DONNA TRESTER
(print name)

DONNA TRESTER
MY COMMISSION # EE 151090
EXPIRES: March 17, 2016
Bonded Thru Notary Public Underwriters

- 7 -